IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN RICHARDSON, #B-881262,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-01109-NJR |
| | ) |
| **MAJOR MCLAURIN, LT. NANCE,** | ) |
| **SGT. SCOTT, MS. MARY,** | ) |
| **C/O MIKE RICKMAN, C/O GILMORE,** | ) |
| **SGT. STRUBERG, JERRY HIGHTS,** | ) |
| **and SGT. LEVI BRIDGES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kevin Richardson, currently an inmate at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This action relates to deprivations Plaintiff alleges occurred while he was an inmate at the St. Clair County Detention Center ("Detention Center") in St. Clair, Illinois. Plaintiff names as Defendants Major Mclaurin (superintendent), Lt. Nance (shift supervisor), Sgt. Scott (shift supervisor), Ms. Mary (food supervisor), C/O Mike Rickman (block officer), C/O Gilmore (block officer), Sgt. Struberg (shift supervisor), Jerry Hights (block officer), and Sgt. Levi Bridges (maintenance supervisor). Plaintiff asserts that Defendants subjected him to unconstitutional conditions of confinement while he was held at the Detention Center (Doc. 1, p. 6).

### Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted,

or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). At this preliminary stage, the Court finds that Plaintiff's complaint passes threshold review.

## The Complaint

Plaintiff arrived at the Detention Center on March 13, 2014, and remained there until October 23, 2014.[1] During his incarceration at the Detention Center, Plaintiff asserts that he was subjected to a number of unconstitutional conditions of confinement, including: small amounts of food; bugs in the food; paint peeling off the bars, walls, showers, and tables; a lack of cleaning supplies adequate to maintain a clean and safe living environment; showers caked with body filth; foul-smelling and decrepit urinals; clogged and dirty ventilation units; and mold on the ceiling in the dishroom. (Doc. 1, p. 6). Plaintiff maintains that the conditions were hazardous to his health and safety and caused him mental stress and anguish. *Id*. at 7.

The complaint details Plaintiff's various attempts to inform each Defendant of the conditions, through either verbal complaints or written grievances. *Id*. at 6. Plaintiff asserts that nothing was ever done to address the alleged unconstitutional conditions. Plaintiff seeks $5,000,000 in punitive damages.

---

[1] On October 27, 2014, Plaintiff filed a notice of change of address informing the Court that he is now incarcerated at Menard Correctional Center. (Doc. 5).

**Discussion**

**Legal Standard for Pre-trial Detainee Claims**

The claims in the present action arose while Plaintiff was being held as a pre-trial detainee at the St. Clair County Detention Center. His claims, therefore, arise under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Although the Seventh Circuit has made it clear that pre-trial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).

**Count 1:    Conditions of confinement claim**

The Eighth Amendment prohibits cruel and unusual punishment and has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice*, 675 F.3d at 664; *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)).

In order to prevail on a claim attacking the conditions of confinement, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501

U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society. *Id.* The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

The Seventh Circuit has observed that "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *see also Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

In this case, Plaintiff has identified numerous conditions that collectively support a claim for unconstitutional conditions of confinement. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

Further, the complaint alleges that Defendants are liable for the unconstitutional conditions because they were personally made aware of the conditions, but failed to correct any of the problems. At this juncture, more facts are needed to determine whether each Defendant acted with the requisite intent. Accordingly, Plaintiff shall be allowed to proceed with a claim for unconstitutional conditions of confinement (**Count 1**) against Defendants Major Mclaurin, Lt. Nance, Sgt. Scott, Ms. Mary, C/O Mike Rickman, C/O Gilmore, Sgt. Struberg, Jerry Hights, and Sgt. Levi Bridges in their individual capacities.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendants **MAJOR MCLAURIN, LT. NANCE, SGT. SCOTT, MS. MARY, C/O MIKE RICKMAN, C/O GILMORE, SGT. STRUBERG, JERRY HIGHTS,** and **SGT. LEVI BRIDGES** on **COUNT 1** shall proceed.

The Clerk of Court shall prepare for Defendants **MAJOR MCLAURIN, LT. NANCE, SGT. SCOTT, MS. MARY, C/O MIKE RICKMAN, C/O GILMORE, SGT. STRUBERG, JERRY HIGHTS,** and **SGT. LEVI BRIDGES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the

forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 10, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge