IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN RICHARDSON, #B-88162, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:14-cv-01109-JPG-DGW |
| | ) | |
| MAJOR McLAURIN, LT. NANCE, SGT. SCOTT, MS. MARY, C/O MIKE RICKMAN (UNKNOWN), C/O GILMORE, SGT. STRUBERG, JERRY HIGHTS, and SGT. LEVI BRIDGES, | ) ) ) ) ) ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

**WILKERSON, Magistrate Judge:**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties demonstrate good cause for a protective order. As such the parties' Joint Motion for Protective Order (Doc. 74) is granted as follows.

1. During the course of this litigation, it may be necessary for the parties or their attorneys to produce photographs or notes depicting or regarding the St. Clair County Jail created during an inspection of October 25, 2016, thus creating a cognizable interest in protecting the privacy and security of the St. Clair County Jail and its detainees and employees, and therefore:

   a) All materials generated during the St. Clair County Jail inspection shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

   b) The materials protected by this order may be disclosed without further notice by any covered party or parties' attorney to: the parties themselves, parties' attorneys, experts, consultants, court reporters, as well as the professional and support staff of all of the above.

c) The parties agree that the materials generated pursuant to the inspection of October 25, 2016, and this Protective Order will be kept confidential by any person to whom they are disclosed.

d) The parties, and each entity, governed by this Order shall either (i) destroy, or (ii) return to the entity who originally produced it all protected information, including all copies made, provided, however, that said protected information may be retained in the files of the entities listed in paragraph (a), above, and may be destroyed pursuant to their regular file retention policies so long as the protected records are maintained in a secure environment.

**IT IS SO ORDERED.**

**DATED: November 2, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**